IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERTIS JEROME ANTHONY, ) <br> AIS 282673, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADOC FOOD & SANITATION, ) <br> DIVISION, et al., ) <br> ) <br>    Defendants. ) | CASE NO. 2:24-CV-471-ECM-KFP |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.      INTRODUCTION**

Plaintiff Vertis Anthony, an inmate at Bibb Correctional Facility in Brent, Alabama, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions against ADOC Food and Sanitation Division, Bibby County Line Servers, and Bibb County Clipper Room. Doc. 1. Plaintiff challenges matters associated with food service and sanitation at the facility. *Id.* at 2–4. He requests a transfer to a minimum community facility and $3 million in damages. *Id.* at 5.

Upon review, the Magistrate Judge recommends that this case be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1406.[1]

---

[1] Plaintiff's Complaint was not accompanied by the required filing and administrative fees or an application for leave to proceed in forma pauperis. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

An action under 42 U.S.C. § 1983 "may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). When a case is filed laying venue in the wrong division or district, a district court may dismiss or, in the interest of justice, transfer the case to any district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). The actions described in Plaintiff's Complaint occurred at Bibb Correctional Facility, which is in the Northern District of Alabama. Plaintiff identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here. Therefore, under 28 U.S.C. § 1391(b), venue is not proper in the Middle District of Alabama. Venue is proper in the Northern District of Alabama, and this case is due to be transferred under 28 U.S.C. § 1406(a).[2]

## III. CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

---

[2] In transferring this case, the Court makes no determination on the merits of Plaintiff's claims.

Further, it is ORDERED that by **August 29, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The Court will not consider frivolous, conclusive or general objections. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3–1.

DONE this 15th day of August, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE